UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

    Gary Allen Chippeway, Sr. and                    Case No. 13-20212-dob
    Bobbie Mae Chippeway,                          Chapter 13 Proceeding
                                             Hon. Daniel S. Opperman

          Debtors.

_____/

Brooke E. Nemeth,

      Plaintiff,

v.                                                    Adv. Pro. No. 13-02093-dob

Gary Allen Chippeway, Sr. and
Bobbie Mae Chippeway,

      Defendant.

_____/

**OPINION REGARDING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

PROCEDURAL HISTORY AND BACKGROUND FACTS

      Gary and Bobbi Chippeway ("Debtors") filed their Chapter 13 bankruptcy petition on

January 30, 2013. Brooke Nemeth ("Creditor") is a creditor of the Debtors.

      The Creditor's claim arose as a result of her being a passenger in a motor vehicle

operated by Gary Chippeway that was involved in a motor vehicle collision on April 10, 2009.

The vehicle was registered in the name of Bobbi Chippeway at the time of the collision. Bobbi

Chippeway was also a passenger in the vehicle at the time of the collision. The Creditor suffered

injuries including: a fractured pelvis, which resulted in her having a permanent plate with screws

in her pelvis; a concussion; large open lacerations on her forehead and eyebrow; a knee injury;

1

and serious permanent residual scarring and the loss of the ability to perform normal functions of her daily life.

According to the police report, Gary Chippeway was intoxicated by alcohol while operating the vehicle involved in the collision and he caused the collision. Gary Chippeway fled the scene of the collision without aiding the Creditor, who was seriously injured, and without calling police or emergency services. Gary Chippeway was questioned by police several days after the accident and he was charged and convicted of a misdemeanor for leaving the scene of an accident that resulted in personal injury.

On May 27, 2010, the Creditor filed a lawsuit against the Debtors in the Isabella County Trial Court alleging claims against them for the personal injuries suffered as a result of the accident. The Creditor's Complaint included claims for negligence, negligent operation of a vehicle because of intoxication, operation of a vehicle in a willful and wanton manner, and reckless behavior involving the operation of a motor vehicle that caused serious injury as a result of violations of various statutes.

In particular, the Creditor alleged in paragraphs 16, 18, and 19 of her Complaint:

16.     That the Defendant Gary Allen Chippeway caused the vehicle to be operated in a careless, negligent, reckless and wanton manner including, but not limited to the following:

. . .

(g) Operating a motor vehicle upon a highway while intoxicated or visibly impaired in violation of MCL 257.625;

. . .

18.     As a direct and proximate result of the negligence, carelessness, and willful and wanton conduct of the Defendant Gary Allen Chippeway, Brooke E. Nemeth, was injured in the aforementioned incident.

19.     As a direct and proximate result of the negligence of Defendant Gary Allen Chippeway, the plaintiff has sustained the following injuries and damages, among others:

A.     Those stated in paragraph 10, incorporated by reference. [1]

The Debtors failed to file an answer to the Creditor's complaint and, on June 25, 2010, the Isabella County Trial Court granted the Creditor's Request for Default against the Debtors. The Isabella County Trial Court scheduled a trial with respect to damages. Gary Chippeway participated in the trial process. On November 29, 2011, a jury rendered a verdict in favor of the Creditor and the Isabella County Trial Court entered an Order and Entry of Judgment in favor of the Creditor and against Gary Chippeway in the amount of $108,000.00, with interest. The pertinent parts of that Order state:

This matter having come on for Trial on Plaintiff's Summons and Complaint in a negligence action and claims against the Defendants, opportunity for oral argument and trial having been given and the Jury rendering its Verdict in the premises for the reasons stated in its Form of Verdict dated November 29, 2011;

IT IS HEREBY ORDERED AND ADJUDGED That an award of damages is owing by the Defendant, Gary Allen Chippeway, to the Plaintiff, Brooke E. Nemeth, on the claims presented in the amount of $108,000.00 ($135,000.00 reduced by 20% fault assigned to Plaintiff) and this Court orders payment of $108,000.00 by the Defendant Gary Allen Chippeway to the Plaintiff Brook E. Nemeth;

IT IS HEREBY ADDITIONALLY ORDERED AND ADJUDGED That Plaintiff Brook E. Nemeth shall be entitled to statutory judgment interest on the judgment amounts awarded from and after the filing date of May 28, 2010 until the judgment is paid and satisfied in full pursuant to MCL 600.6013.

IT IS FURTHER ORDERED AND ADJUDGED That Plaintiff being entitled to interest on the judgment it is determined pursuant to MCL 600.6013(1) & (8) that the interest owed from the filing date of the complaint through the verdict date (May 28, 2010 – November 29, 2011; 18 months) is: $897.78. This Court orders payment of $897.78 by the Defendant Gary Allen Chippeway to Plaintiff Brooke E. Nemeth. Such interest being calculated on non-future damages of $20,000.00

---

[1] Injuries listed in paragraph 10 of the Complaint are summarized in this Opinion.

($25,000 less 20%) at: 1/12 x .03480 = $58.00; 6/12 x .03339 = $333.90; 6/12 x .02553 = $255.30; and 5/12 x .03007 = $250.58.

    IT IS HEREBY ADDITIONALLY NOTED That no judgment has been entered in this matter against Defendants Bobbie May Fair and Brenda L. Fair. This resolves the last pending claim and closes this case.

On March 18, 2013, the Creditor filed an Objection to the Debtors' Amended Chapter 13 Plan. Subsequently, the Creditor filed an adversary complaint against the Debtors seeking to have the judgment debt owed to her deemed nondischargeable pursuant to 11 U.S.C. §§ 523(a)(6), 523(a)(9), and 727(a)(4)(A). The Debtors filed an Answer to the Creditor's Adversary Complaint on May 13, 2013.

On October 23, 2013, the Debtors filed their Motion for Summary Judgment and on October 24, 2013, the Creditor filed her Motion for Partial Summary Judgment. The Creditor filed her Response to the Debtors' Motion on November 14, 2013. The hearing on those Motions and the confirmation issues was held on December 6, 2013, and the Court took the parties' Motions for Summary Judgment under advisement. [2]

JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts) and (J) (objections to discharge).

The issues before the Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

---

[2] Although other objections to confirmation of the Debtors' Plan remain, the Court will address adversary proceeding issues, which will enable the parties to resolve the remaining objections.

4

## A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

In cases in which the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 n.6 (6th Cir. 1999). That both parties simultaneously argue there are no genuine issues of material fact does not in itself establish that a trial is not necessary, and that one party has failed to sustain its burden under Federal Rule of Civil Procedure 56 does not automatically entitle the opposing

party to summary judgment.  *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2720 (1998).

## B.  Collateral Estoppel

The doctrine of collateral estoppel, also known as issue preclusion, "precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined." *People v. Gates*, 434 Mich. 146, 154-55, 452 N.W.2d 627, 630 (1990) (citations omitted). "Although a bankruptcy court must make its own determination regarding the dischargeability of a debt, that determination may be governed by factual issues which were actually and necessarily decided by a state court in a prior proceeding." *In re Dantone*, 477 B.R. 28, 35 (B.A.P. 6th Cir. 2012) (citing *Grogan v. Garner*, 498 U.S. 279, 248, 111 S. Ct. 654, 658, 112 L. Ed. 2d 755 (1991)). While collateral estoppel is applicable in bankruptcy dischargeability proceedings, *see Grogan v. Garner*, 498 U.S. at 248, a bankruptcy court must determine whether applicable state law would give collateral estoppel effect to the state court judgment.  *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997).   Under Michigan law, collateral estoppel applies when:

(1) there is identity of parties across the proceedings,

(2) there was a valid, final judgment in the first proceeding,

(3) the same issue was actually litigated and necessarily determined in the first proceeding, and

(4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Phillips v. Weissert (In re Phillips),* 434 B.R. 475, 485 (B.A.P. 6th 2010) (citing *Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir.2002)); *People v. Trakhtenberg,* 493 Mich. 38, 48, 826 N.W.2d 136 (2012).

The parties agree that collateral estoppel applies in this proceeding and that the issues should not be re-litigated. Although they agree that collateral estoppel applies, the parties take divergent views of what the Isabella County Trial Court Judgment means. The Debtors claim that the state court judgment was based solely on negligence. The Creditor claims that the state court judgment was based on all of the claims plead in her state court complaint, which included claims against Gary Chippeway for operating a motor vehicle upon a highway while intoxicated or visibly impaired in violation of MCL 257.625 and for willful, wanton, and reckless actions that resulted in a personal injury to the Creditor.

## C.  11 U.S.C. § 523(a)(9)

11 U.S.C. § 523(a)(9) provides, in pertinent part, that a discharge under 11 U.S.C. §§ 727, 1141, 1228(a), 1228(b), or 1328(b) does not discharge an individual debtor from any debt for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance. To prevail on a complaint to except a debt from discharge as one for death or personal injury resulting from the debtor's unlawful operation of a motor vehicle while intoxicated, the creditor must prove: (1) that there is a debt for death or personal injury; (2) that this death or personal injury was caused by the debtor's operation of a motor vehicle, vessel, or aircraft; and (3) that the debtor's operation of a motor vehicle, vessel, or aircraft was unlawful because the debtor was intoxicated pursuant to state law.

"The purpose of Congress in enacting this statute, was to prevent drunk drivers from escaping financial obligations to their victims by filing bankruptcy. Several courts have determined that § 523(a)(9) should be broadly construed to accomplish that intent." *In re Hart*, 347 B.R. 635, 638 (Bankr. W.D. Mich. 2006) (citations omitted).

MCLA § 257.625 sets forth the definition of alcohol-related traffic offenses. It states, in pertinent part:

> (1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:
>
> (a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.
>
> (b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, or, beginning October 1, 2018, the person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.
>
> (c) The person has an alcohol content of 0.17 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

Mich. Comp. Laws Ann. § 257.625.

According to MCLA § 257.625(1)(a), a motorist commits the offense of operating a motor vehicle while intoxicated when his ability is so weakened or reduced by consumption of intoxicating liquor that he drives with less ability than would an ordinary, careful, and prudent driver. Such weakening or reduction of ability to drive must only be visible to an ordinary, observant person. *Hart*, 347 B.R. at 638 (citing *People v. Lambert,* 395 Mich. 296, 235 N.W.2d 338 (1975); *Oxendine v. Secretary of State,* 237 Mich.App. 346, 602 N.W.2d 847 (1999)).

The Default Entry in the Isabella County Trial Court was entered with regard to all of the claims in the Creditor's complaint based on the Debtors' failure to file an Answer. In the Order and Entry of Judgment, the Court stated, in part:

> This matter coming on for Trial on Plaintiff's Summons and Complaint **in a negligence action and claims against the defendants**, opportunity for oral argument and trial having been given and the Jury rendering its Verdict in the premises for the reasons stated in its Form of Verdict dated November 29, 2011;
>
> IT IS HEREBY ORDERED AND ADJUDGED That an award of damages is owing by the Defendant, Gary Allen Chippeway, to the Plaintiff, Brooke E. Nemeth, **on the claims presented** in the amount of $108,000.00 ($135,000.00 reduced by 20% fault assigned to Plaintiff) and this Court orders payment of $108,000.00 by the Defendant Gary Allen Chippeway to the Plaintiff Brooke E. Nemeth."

(emphasis added).

Although the Judgment mentioned negligence, it also referred to the other claims presented by the Creditor in her complaint and awarded damages to the Creditor "on the claims presented." In her state court Complaint, the Creditor clearly pled a claim against Gary Chippeway for operating a motor vehicle while intoxicated in violation of Mich. Comp. Laws Ann. § 257.625. Gary Chippeway failed to file an Answer to the Complaint and a Default was entered. He then actively participated in the portion of the trial relating to damages. It does not appear that he challenged the entry of Default at any time. The Court concludes that collateral estoppel applies in this proceeding, and, accordingly, Gary Chippeway is precluded from arguing that he was not operating a motor vehicle while intoxicated in violation of Mich. Comp. Laws Ann. § 257.625 at the time of the accident.

The Creditor has established that: (1) there is a debt against Gary Chippeway for personal injury; (2) the personal injury was caused by Gary Chippeway's operation of a motor vehicle; and (3) Gary Chippeway's operation of the motor vehicle was unlawful because he was

intoxicated pursuant to Michigan law. Accordingly, the Court concludes that the debt owed by Gary Chippeway to the Creditor pursuant to the Isabella County Trial Court Judgment is nondischargeable under 11 U.S.C. § 523(a)(9). Likewise, the Court concludes that the Defendant, Bobbie Mae Chippeway does not owe a debt to the Creditor.

## CONCLUSION

For the reasons set forth herein, the Court concludes that the debt owed by Gary Chippeway to the Creditor pursuant to the Isabella County Trial Court Judgment is nondischargeable under 11 U.S.C. § 523(a)(9). Because the court concludes that the debt is nondischargeable under 11 U.S.C. § 523(a)(9), the Court does not deem it necessary to address the arguments made by the Creditor regarding whether the debt is nondischargeable under 11 U.S.C. § 523(a)(6). Accordingly, the Creditor's Motion for Partial Summary Judgment is granted and the Debtors' Motion for Summary Judgment is denied as to Gary Allen Chippeway. The Motion for Summary Judgment of Bobbie Mae Chippeway is granted. Counsel for the Creditor is directed to prepare and submit an order consistent with this Opinion and consistent with the procedural rules of this Court.

.

**Signed on January 08, 2014**

                                        /s/ Daniel S. Opperman
                                    Daniel S. Opperman
                                    United States Bankruptcy Judge